*1125 OPINION.
ARUNdell:
We have set out in our preliminary statement something of the history of the pleadings in this proceeding. At the close of the hearing counsel for the respondent moved that the proceeding in so far as it relates to the year 1923 be dismissed for lack of prosecution, with a finding that there is a deficiency for that year in the amount determined by the respondent. Petitioner resisted the motion and argues that the amended petition entirely supersedes the original, and the abandoned cause of action for 1923 falls away by waiver and no order is necessary.
We think the respondent’s motion should be granted. The original petition covered the two years 1923 and 1925. When respondent’s motion to dismiss for failure to conform to the rules was denied and an amended petition was filed covering only 1925, the proceeding as to 1923 which was initiated by the filing of original petition was left pending on our docket and must be disposed of sometime. The present motion, having been made a.t the first hearing after amendment of the petition, was in our opinion timely, and will be granted.
*1126 For the year 1925 respondent disallowed a part of the salaries paid petitioner’s president and secretary-treasurer on the ground, as stated in the deficiency notice, that the amounts “ are deemed excessive.” In the case of a close corporation such as we have here, while considerable weight will be given to the judgment of the officers and directors as to what constitutes reasonable salaries (Webb & Bocorselski, Inc., 1 B. T. A. 871), still we may very properly examine the facts to determine whether the amounts claimed are reasonable or excessive and in effect a distribution of profits. McMillan Metal Co., 2 B. T. A. 797. If the amounts paid are excessive and have no substantial relation to the measure of services they are not “ ordinary and necessary expenses.” Botany Worsted Mills v. United States, 278 U. S. 282.
The evidence here is that Selke took over this business when it was not on a paying basis and that he and his wife built it up to a point where in the taxable years it earned substantial profits. Selke himself put in long hours in the corporation’s service and aided it financially. His wife solicited some business, took care of telephone calls and sometimes visited the plant. This, however, does not tell us whether the salaries were reasonable compensation for the services rendered or whether they were excessive. One of petitioner’s witnesses was connected with a Louisville bank with which the Selkes had had business relations. He knew of petitioner’s competitors but did not know what salaries they paid their officers. Another witness, a certified public accountant, expressed familiarity with salaries paid officers of other corporations but made no comparison of such salaries with those paid by petitioner. See Becker Bros. v. United States, 7 Fed. (2d) 3. •
In our opinion the evidence does not overcome the presumption of correctness attaching to the respondent’s determination.

The -proceeding for 1923 will be dismissed, and decision will be entered for the respondent , for the years 1923 and 1925.